# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>LIVIER BERENICE VALENZUELA-VELASCO,<br><br>  Defendant. | Case No. 2:15-cr-00352-APG-PAL<br><br>**ORDER DENYING APPEAL OF DETENTION ORDER**<br><br>(Dkt. #28) |

On December 16, 2015, Magistrate Judge C. W. Hoffman, Jr. entered an order detaining defendant Livier Berenice Valenzuela-Velasco pending trial. (Dkt. #20.) On December 23, 2015, Ms. Valenzuela-Velasco appealed from that order. (Dkt. #28.) The Government opposes the appeal. (Dkt. #32.)

A defendant ordered detained by a magistrate judge may file a motion for revocation or amendment of the order. 18 U.S.C. § 3145(b). The district judge reviews a magistrate judge's detention order de novo. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). "The district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." *Id.* at 1193. Instead, "[i]t should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.*

I have conducted an independent, de novo review of Judge Hoffman's detention order and the parties' respective briefs. I agree with Judge Hoffman's findings and conclusions and adopt them herein.

If she is convicted of the crimes with which she is charged, Ms. Valenzuela-Velasco faces a mandatory minimum of 10 years in prison, and a maximum term of life imprisonment. 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Thus, "[s]ubject to rebuttal by [Ms. Valenzuela-Velasco], it shall be

presumed that no condition or combination of conditions will reasonably assure [her] appearance . . . as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A).

      Ms. Valenzuela-Velasco has significant family ties to Mexico. She apparently admitted to law enforcement officers that she has previously crossed the border to assist with her uncle's drug deals. Even if she is permitted to reside with her aunt in Arizona with location monitoring, it would not be difficult for her to remove the monitoring device and flee across the border to Mexico before she could be apprehended. Finally, this case involves a drug deal of significant amount and value, and the evidence appears strong.

      Finally, Ms. Valenzuela-Velasco has not presented any new information that has a material bearing on the issue of whether conditions of release that will reasonably assure her appearance and the safety of the community. 18 U.S.C. § 3142(f).

      Accordingly, IT IS HEREBY ORDERED that defendant's appeal from Judge Hoffman's detention order **(Dkt. #28) is DENIED**.

Dated: January 6, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE